**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSE WILSON ALVES DE MIRANDA,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, et al.,<br><br>Defendant. | Case No. 1:26-cv-12865-BEM<br><br>**Memorandum of Law in Support of Petitioner's Application for Fees and To Costs Pursuant to EAJA** |

## INTRODUCTION

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Petitioner Jose Wilson Alves De Miranda ("Petitioner") is eligible for an award of attorney's fees and costs. Petitioner qualifies for relief because he is the "prevailing party" in the above-captioned civil action brought against an agency of the United States, is a "qualifying party" in the above-captioned case as an individual whose net worth does not exceed $2,000,000, and has timely filed this appeal within the statutory deadline of thirty days of the decision becoming final. Furthermore, Petitioner is entitled to relief because the agency's position was not substantially justified, and there are no special circumstances that would make this award unjust. Finally, the award requested is proper as the amount of time spent and expenses incurred by the undersigned and supporting counsel in pursuing this civil action were reasonable. Based on the foregoing and forthcoming reasons, Petitioner asks the Court to grant this timely Application and enter an order against Respondents Antone Moniz, et al., mandating their payment of **$4,141.71** to Petitioner.

## STATEMENT OF FACTS

Petitioner Jose Wilson Alves De Miranda ("Petitioner"), a native and citizen of Brazil, first arrived in the United States near Texas on or about August 22, 2022. When Petitioner entered the

United States, he was detained by Customs and Border Protection but was thereafter released into the United States. He was not continuously detained after that border encounter. Since entering the country, Petitioner has complied with immigration reporting requirements, maintained employment, and has no known criminal convictions.

Petitioner sought protection based on threats that he received after witnessing a robbery in Campos de Julio, Brazil, in November 2021. USCIS accepted and receipted Petitioner's affirmative Form I-589 in May 2026. ICE told Petitioner to report in person for a check-in for his asylum application. Petitioner appeared with counsel as directed and was subsequently detained. Documents were not produced that authorized Petitioner's detention.

Petitioner filed an Emergency Petition for Writ of Habeas Corpus on June 24, 2026, in which he requested immediate release from ICE's detention. This Court entered an Electronic Order on June 26, 2026, in which the Court required ICE to either release Petitioner or provide Petitioner with a bond hearing. On July 8, 2026, this Court entered its final judgment in which it granted in part Petitioner's Emergency Petition for Writ of Habeas Corpus.

**<u>LEGAL ARGUMENT</u>**

To receive an award for fees and costs under the EAJA, the petitioner must establish that: (1) they are a prevailing party in a civil action; (2) that the petition for relief under EAJA was timely filed; and (3) that the government's position was not substantially justified. *Castaneda-Castillo v. Holder*, 723 F.3d 48, 57 (1st Cir. 2013). Further, the petitioner must present a reasonable request for fees and costs. 28 U.S.C. § 2412(d); *see Michel v. Mayorkas*, 68 F.4th 74, 80–81 (1st Cir. 2023). Here, Petitioner is eligible for relief because: (1) Petitioner is a qualifying party that prevailed in a habeas action; (2) Petitioner timely filed this application; (3) the government's position was not "substantially justified"; and (4) the request for fees and costs is reasonable.

## I. PETITIONER IS ELIGIBLE FOR AN AWARD OF FEES AND COSTS BECAUSE PETITIONER IS BOTH A QUALIFYING PARTY AND A PREVAILING PARTY IN A HABEAS ACTION.

A petitioner must be both a qualifying party and a prevailing party under EAJA to be eligible for an award of fees and costs. To be a "qualifying" party, the individual must have a net worth below $2,000,000 at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B). To qualify as a "prevailing party," the party must show (1) "a material alteration of the legal relationship of the parties," and (2) "a judicial imprimatur on the change." *Avdeeva v. Tucker*, 138 F.4th 641, 645 (1st Cir. 2025) (quoting *Aronov v. Napolitano*, 562 F.3d 84, 89 (1st Cir. 2009)). Further, the party must be a "prevailing party" in a civil action.[1] While the First Circuit has not decided whether habeas proceedings constitute a civil action, other Circuit Courts[2] and District Courts within the First Circuit[3] have held that habeas proceedings constitute civil actions. Since

---

[1] This question is currently before the Supreme Court. *See Palacios v. Bacon*, No. 26-6251, 2026 WL 1154321 (4th Cir. Mar. 24, 2026), *cert. granted*, 146 S.Ct. 2789 (2026) (No. 25-1223).

[2]The Second, Third, Ninth, and Tenth Circuits all consider habeas actions to be civil actions under the EAJA. *Vacchio v. Ashcroft*, 404 F.3d 663, 672 (2d Cir. 2005) ("[W]e . . . hold that a habeas proceeding challenging immigration detentions constitutes a 'civil action' under the EAJA."); *Michelin v. Warden Moshannon Valley Correctional Center*, 169 F.4th 418, 424 (3d Cir. 2026) ("Habeas actions are civil actions."); *Petition of Hill*, 775 F.2d 1037, 1041 (9th Cir. 1985); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) ("[H]abeas actions challenging immigration detention are unambiguously 'civil actions.'"). Conversely, the Fourth and Fifth Circuits consider habeas actions to be "hybrid" actions—neither civil nor criminal—that are outside the scope of the EAJA. *Obando-Segura v. Garland*, 999 F.3d 190, 195–97 (4th Cir. 2021) (holding that habeas proceedings include both a criminal and civil aspect and are therefore "unique, hybrid proceedings" outside the scope of the EAJA); *Barco v. White*, 65 F.4th 782, 785 (5th Cir. 2023) (finding that habeas corpus petitions of a hybrid nature and the EAJA only covers actions that are purely civil).

[3] The closest the First Circuit came to discussing whether habeas actions are civil actions was in Saysana v. Brian, 614 F.3d 1, (1st Cir. July 14, 2010), where the Circuit solely discussed whether the government's position was "substantially justified." Presently, an appeal is docketed in the First Circuit that may address whether EAJA applies to habeas actions. *Bernardo-Rodrigues v. Hyde*, No. 2:25-cv-00553, 2026 WL 370863 (D. Me. Feb. 10, 2026), *appeal docketed*, No. 26-1375 (1st Cir. Apr. 9, 2026). As of now, the District Courts within the First Circuit have continuously held that habeas actions *do* qualify as civil actions under EAJA. *Orrego Orrego v. Hyde*, No. 26-10260, 2026 WL 1480362, at *2 (D. Mass. May 27, 2026) ("This Court is persuaded by the majority approach as articulated by the Third and Tenth Circuits and concludes that habeas actions are civil actions for the purposes of EAJA); *Duran Siguenza v. Moniz*, No. 25-cv-11914, 2026 WL 1875680, at *2 (D. Mass. June 29, 2026); *Nguyen v. Lyons*, No. 25-631MSM, 2026 WL 2137874, at *2-*3 (D.R.I. July 24, 2026) ("The Court finds far more persuasive the holding of the majority of Circuits that a habeas proceeding is a civil action of EAJA fees and costs."); *Bernardo-Rodrigues v. Hyde*, 2026 WL 370863 at *2.

they can be considered civil actions, a party who successfully petitions for a writ of habeas corpus is considered a "prevailing party." *Geegbae v. McDonald*, No. 10-10852, 2011 WL 841237, at *1 (D. Mass. Mar. 8, 2011); *Oscar v. Gillen*, 595 F.Supp.2d 166, 169 (D. Mass. Feb. 3, 2009).

Here, Petitioner is a qualifying and prevailing party in a habeas action. First, Petitioner qualifies for relief because his net worth is below $2,000,000. *See* Exhibit 1, Declaration of Ana Clavijo Regarding Petitioner's Financial Eligibility. Second, Petitioner has prevailed in his Writ of Habeas Corpus action against Respondents. On June 26, 2026, this Court entered an order directing Respondents to either release the Petitioner or to provide the Petitioner with a bond hearing. *See* Doc. No. 7. Then, on July 7, 2026, this Court entered its final judgement on the matter and granted in part the Petitioner's Writ. *See* Doc. No. 9. Accordingly, with the Writ granted in part, Petitioner has prevailed in its habeas proceedings against Respondents. Therefore, as both a qualifying party and as a prevailing party, Petitioner is eligible for relief under EAJA.

II. <u>PETITIONER TIMELY FILED HIS PETITION FOR RELIEF UNDER EAJA BECAUSE IT IS WITHIN 30 DAYS OF THE DATE OF FINAL JUDGMENT.</u>

The EAJA requires parties to file for relief within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). A judgment becomes "final" when it is "not appealable." 28 U.S.C. § 2412(d)(2)(G). A habeas action becomes "not appealable" if the government or government agency fails to file an appeal within sixty days from the entry of judgment. 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B); *Shalala v. Schafer*, 509 U.S. 292, 302 (1993). As a result, the thirty-day window to file for relief under EAJA does not begin until after the sixty-day appeal period has expired without action from the government. *Shalala*, 509 U.S. at 302–03; *U.S. v. Cacho-Bonilla*, 206 F.Supp.2d 204, 209 (D.P.R. Mar. 20, 2002).

Here, Petitioner's application for relief is timely because it was filed within the thirty-day period following the end of the habeas action's appeal period. The Court entered its judgment for

the above-captioned civil case on July 7, 2026. *See* Doc. No. 9. The sixty-day appeal period lasted until September 8, 2026. Therefore, Petitioner's thirty-day window to file for this relief ends October 8, 2026. With Petitioner's application filed before the October 8 deadline, his application should be considered timely.

III. RESPONDENTS' POSITION IS NOT SUBSTANTIALLY JUSTIFIED BECAUSE RESPONDENT PROVIDED NO LEGAL OR FACTUAL SUPPORT TO SHOW THAT DETENTION WAS PERMISSIBLE UNDER 8 U.S.C. § 1225(b)(1).

Respondents have the burden to prove by a preponderance of the evidence that both its pre-litigation and litigation positions were substantially justified. *Saysana v. Gillen*, 614 F.3d 1, 5 (1st Cir. 2010); *Oscar v. Gillen*, 595 F.Supp.2d 166, 169 (D. Mass. Feb. 3, 2009). A position is "substantially justified" when it has a "reasonable basis in both law *and* fact." *Oscar*, 595 F.Supp.2d at 169 (emphasis added); *accord Geegbae v. McDonald*, No. 10-10852, 2011 WL 841237, at *1 (D. Mass. Mar. 8, 2011). The Government losing a civil action does not create a presumption that its position was not substantially justified, but the Government prevailing at some point in the judicial process does not likewise exempt them from the EAJA. *United States v. Yoffe*, 775 F.2d 447, 450 (1st Cir. 1985). Here, Respondents were not substantially justified in their position because they argued that Petitioner should be detained under 8 U.S.C. § 1225(b)(1), and this position is not substantially supported under the law nor under the factual evidence that they provided during these proceedings.

First, under the law, detention under 8 U.S.C. § 1225(b)(1) applies "only to noncitizens seeking admission at the border or port of entry." *Guerrero Orellana v. Moniz*, 813 F.Supp.3d 185, 189 (D. Mass. Dec. 19, 2025); *see Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018); *see Matter of M-D-C-V-*, 28 I&N Dec. 18 (BIA 2020) (identifying "arriving alien" as a "long-standing term

of art" that "traditionally referred to aliens who appear at a port of entry"). Instead, Respondents followed *Matter of Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), and other similar cases to allege that detention was possible under 8 U.S.C. § 1225(b)(1); however, this position was explicitly rejected in *Guerrero Orellana v. Moniz* as well as in other cases in this District. 813 F.Supp.3d at 189; *Romero-Nolasco v. McDonald*, 802 F.Supp.3d 101, 105–06 (D. Mass. Sept. 29, 2025); *Martinez v. Hyde*, 810 F.Supp.3d 135, 137–38 (D. Mass. Nov. 12, 2025).[4] Petitioner has been living in the United States since 2022, and he did not apply for asylum until 2026. He is not "seeking admission" at a border or port of entry because he is already inside the United States. Therefore, there is no legal basis to conclude that Petitioner is detainable under 8 U.S.C. § 1225(b)(1), and Respondents were not "substantially justified" in detaining him under that provision of law.

Second, under the present facts, Respondents had no reasonable basis in fact to detain Petitioner. To support their argument that Petitioner was detainable under 8 U.S.C. § 1225(b)(1), Respondents produced a Warrant for Arrest of Alien ("Warrant") and an Order of Release on Recognizance. *See* Doc. No. 6, Exhibit 1 at 1, 7. The Warrant was a Form I-200, which stated that "there is probable cause to believe that [Petitioner] is removable." *See* Doc. No. 6, Exhibit 1 at 1. The authority to arrest someone using a Form I-200 derives from 8 U.S.C. § 1226, which provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Respondents did not provide any other evidence to support their argument. Their evidence possibly supported detention under a completely different statute—8 U.S.C. § 1226—and did not apply to the statute for which they argued—8 U.S.C. § 1225(b)(1). This Court's order recognized that Respondents' proffered

[4] It is worth noting that *Guerrero Orellana v. Moniz* was upheld on appeal. *Guerrero Orellana v. Moniz*, 188 F.4th 1, 7 –8 (1st Cir. 2026) ("Because we conclude that the term 'seeking admission' means seeking lawful entry, and Guerrero Orellana already entered the country unlawfully, we hold that he is not 'seeking admission.'"). However, the decision was not affirmed until after the end of the habeas action upon which this EAJA application is based.

evidence did not support their legal arguments. *See* Doc. No. 7 ("But Respondents do not provide documentation supporting detention under 8 U.S.C. § 1225(b)(1). Instead, the provided documents indicate petitioner is subject to detention under 8 U.S.C. § 1226(a).").

Therefore, the Respondents did not have a reasonable basis in law or fact to be "substantially justified" in arguing that detention was warranted under 8 U.S.C. § 1225(b)(1).

IV. PETITIONER'S REQUESTED FEES AND COSTS ARE REASONABLE.

In conformance with 28 U.S.C. § 2412(d), Petitioner submits with his application the declarations of his attorneys, Carl Hurvich and Ana Clavijo, his paralegals, Beatriz Burd and Lorrayne Prado, and his law clerk, Matthew Matolka, and their appended time records to demonstrate the actual time spent in litigating the above-captioned action. Those declarations, submitted herewith as **Exhibit 2** (Hurvich Declaration), **Exhibit 3** (Clavijo Declaration), **Exhibit 4** (Burd Declaration), **Exhibit 5** (Prado Declaration), and **Exhibit 6** (Matolka Declaration), document in detail that the requested costs and fees are appropriate. The proposed fee award encompasses the following segments of time:

- **7.5** hours of attorney time and **1.7** hours of paralegal time spent commencing and litigating the habeas and bond actions.
- **1.7** hours of attorney time and **4.25** hours of paralegal time spent corresponding with the Government and securing the court-ordered release of Mr. Alves de Miranda.
- **0.20** hours of attorney time and **13.70** hours of law clerk time spent preparing and filing this instant EAJA application.

In total, the proposed award requests compensation for the **29.05** hours spent on the initial habeas and bond action and this instant EAJA application.

Attorney fees are capped at $125 per hour. 28 U.S.C. § 2412(d)(1)(D)(2)(A). This Court can increase the cap if they find that one of the following two scenarios justifies such an increase: (1) "an increase in the cost of living," or (2) a "special factor" is involved, such as "the limited availability of qualified attorneys." *Id.* Following *Castaneda-Castillo v. Holder*, Petitioner proposes that the hourly rate for attorney fees be adjusted to reflect the current cost of living in the Northeast Region where the above-captioned case was litigated. 723 F.3d 48, 76–77 (1st Cir. 2013). For this case, Petitioner proposes an adjusted hourly rate of $267.47.[5]

Of the **29.05** hours spent litigating the habeas action and this instant EAJA petition, **9.4** hours were completed by attorneys Carl Hurvich and Ana Clavijo, **5.95** hours were completed by paralegals Beatriz Burd and Lorrayne Prado, and **13.70** hours were completed by law clerk Matthew Matolka. For the work completed by attorneys Carl Hurvich and Ana Clavijo, Petitioner requests those hours be compensated at a rate of $267.47 an hour. For the work completed by paralegals Beatriz Burd and Lorrayne Prado, Petitioner requests those hours be compensated at a rate of $100 an hour.[6] For the work completed by law clerk Matthew Matolka, Petitioner requests those hours be compensated at a rate of $75 an hour.[7] Altogether, Petitioner requests a total fee award of **$4,136.71**.

---

[5] Following *Castaneda-Castillo*, the proposed hourly rate was calculated by multiplying the $125 statutory rate by the proportionate difference between the June 2026 (349.552) and March 1996 (163.3) rates from the Consumer Price Index for All Urban Consumers – Northeast ("CPI-U Northeast"). To the extent that the Court deems it necessary, Petitioner respectfully requests that the Court take judicial notice of the CPI-U Northeast statistics, which are published by the U.S. Bureau of Labor Statistics and submitted with the present application for the convenience of the Court as **Exhibit 7**.

[6] Precedent in the First Circuit indicates that $100 an hour is an appropriate award and standard hourly rate for paralegals. *Castaneda-Castillo*, 723 F.3d at 77–78; *Alexander*, 734 F.Supp.3d at 143; *Cano*, 505 F.Supp.3d at 30–31.

[7] Precedent in the First Circuit indicates that $75 an hour is an appropriate award and standard hourly rate for law clerks. *Castaneda-Castillo v. Holder*, 723 F.3d 48, 77–78 (1st Cir. 2013); *Alexander v. Mass. Dep't of Correction*, 734 F.Supp.3d 133, 143 (D. Mass. May 7, 2024); *Cano v. Saul*, 505 F.Supp.3d 20, 31 (D. Mass. Nov. 25, 2020).

## CONCLUSION

WHEREFORE, because Petitioner is a qualifying and prevailing party from a civil action, because the application for fees and costs was timely filed, because the Government was not substantially justified in their position through this litigation, and because Petitioner's request for fees and costs is reasonable, Petitioner respectfully requests this Court to grant this application for an EAJA award and order Respondents to pay him **$4,136.71** in fees and **$5.00** in cost, for a total of **$4,141.71**.

*Respectfully submitted*,

JOSE WILSON ALVES DE MIRANDA

*By his attorneys*,

/s/ Carl Hurvich /s/
Carl Hurvich, Esq.
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
(617) 245-8090
carl@brookslawfirm.com
MA B.B.O. 698179

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2026, the foregoing Application and exhibits specifically referenced therein were electronically filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to the registered participants, including counsel for Respondents.